Glenn R. Kantor, SBN 122643
gkantor@kantorlaw.net
Brent Dorian Brehm, SBN 248983
bbrehm@kantorlaw.net
Peter S. Sessions, SBN 193301
psessions@kantorlaw.net
KANTOR & KANTOR, LLP
9301 Corbin Ave., Suite 1400
Northridge, California, 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiff,
Myah Evers Schwartz

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYAH EVERS SCHWARTZ,<br><br>Plaintiff,<br><br>vs.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA,<br><br>Defendant. | CASE NO:<br><br>COMPLAINT FOR:<br><br>BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS |

Plaintiff, Myah Evers Schwartz, herein sets forth the allegations of Plaintiff's Complaint against Defendant, Unum Life Insurance Company of America.

**PRELIMINARY ALLEGATIONS**

1. "Jurisdiction" – This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan, and to clarify Plaintiff's rights to future benefits under the employee benefit plan. Plaintiff seeks relief, including but not limited to: payment of benefits, prejudgment and postjudgment interest, reinstatement to the benefit plans at issue herein, and attorneys' fees and costs.

2. Plaintiff was at all times relevant, an employee of Workday, Inc. and a resident in the County of Alameda, State of California.

3. Plaintiff is informed and believes that Defendant is a corporation with its principal place of business in the State of Maine, authorized to transact and transacting business in the Northern District of California and can be found in the Northern District of California. Defendant is the insurer of benefits under the Workday Inc. Long Term Disability Plan, (hereinafter "LTD Plan") and acted in the capacity of a plan administrator. Defendant administered the claim with a conflict of interest and the bias this created affected the claims determination.

4. Plaintiff is informed and believes that the LTD Plan is an employee welfare benefit plan regulated by ERISA, established by Plaintiff's employer, under which Plaintiff is and was a participant, and pursuant to which Plaintiff is entitled to Long Term Disability ("LTD") benefits. Pursuant to the terms and conditions of the LTD Plan, Plaintiff is entitled to LTD benefits for the duration of Plaintiff's disability, for so long as Plaintiff remains disabled as required under the terms of the LTD Plan. The LTD Plan is doing business in this judicial district, in that it covers employees residing in this judicial district.

5. Defendant can be found in this judicial district and the LTD Plan is administered

in this judicial district. The LTD claim at issue herein was also specifically administered in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

**FIRST CLAIM FOR RELIEF**

**AGAINST UNUM LIFE INSURANCE COMPANY OF AMERICA**

**FOR PLAN BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS,**

**PREJUDGMENT AND POSTJUDGMENT INTEREST, AND**

**ATTORNEYS' FEES AND COSTS**

**(29 U.S.C. § 1132(a)(1)(B))**

6. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

7. At all times relevant, Plaintiff was a covered participant under the terms and conditions of the LTD Plan.

8. While Plaintiff was covered under the LTD Plan, Plaintiff suffered a disability and thus Plaintiff became entitled to benefits under the terms and conditions of the LTD Plan.

9. Pursuant to the terms of the LTD Plan, Plaintiff made a claim to Defendant for LTD benefits under the LTD Plan. Plaintiff's claim was given claim number 22593530. Plaintiff claimed disability beginning on March 17, 2021.

10. In addition to being the claim administrator for the LTD Plan, Defendant was also the claim administrator for Plaintiff's Voluntary Disability Insurance ("VDI") benefits that were self-funded by Plaintiff's employer.

11. Plaintiff made a claim for VDI disability benefits.

12. Defendant evaluated Plaintiff's VDI claim, found her disabled, and Plaintiff was paid disability benefits under the VDI program until the maximum period—believed to be May 11, 2022.

13. The definition for disability is materially the same for VDI benefits and LTD benefits under the LTD Plan.

14. Unlike the VDI benefits, which were not paid by Defendant, LTD benefits under the LTD Plan are paid by Defendant.

15. Despite Defendant having found Plaintiff disabled under the VDI plan, Plaintiff's claim for LTD benefits under the LTD Plan was denied by Defendant based on the erroneous assertion that the information in the claim file supports that Plaintiff can perform the duties of their usual occupation.

16. Plaintiff timely appealed this determination. Despite overwhelming evidence of a covered LTD claim, in a letter dated March 28, 2024, Defendant erroneously and wrongfully continued to uphold its prior determination denying Plaintiff's claim for LTD benefits.

17. Defendant breached the LTD Plan and violated ERISA in the following respects:

(a) Failing to pay LTD benefit payments to Plaintiff at a time when Defendant knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as Plaintiff was disabled and unable to work and therefore entitled to benefits. Even though Defendant had such knowledge, Defendant denied Plaintiff's LTD benefits;

(b) Failing to provide a prompt and reasonable explanation of the basis relied on under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the denial of Plaintiff's claims for LTD benefits;

(c) After Plaintiff's claim was denied in whole or in part, Defendant failed to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect Plaintiff's claim along with an explanation of why such material is or was necessary; and

(d) Failing to properly and adequately investigate the merits of Plaintiff's disability claim and failing to provide a full and fair review of Plaintiff's claim.

18. Plaintiff is informed and believes and thereon alleges that Defendant wrongfully denied Plaintiff's disability benefits under the LTD Plan by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendant aware of once said acts or omissions are discovered by Plaintiff.

19. Following the denial of benefits under the LTD Plan, Plaintiff exhausted all

administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the LTD Plan.

20. As a proximate result of the aforementioned wrongful conduct of Defendant, Plaintiff has damages for loss of disability benefits in a total sum to be shown at the time of trial.

21. As a further direct and proximate result of this improper determination regarding Plaintiff's LTD claim, Plaintiff in pursuing this action has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

22. The wrongful conduct of Defendant has created uncertainty where none should exist, therefore, Plaintiff is entitled to enforce Plaintiff's rights under the terms of the LTD Plan and to clarify Plaintiff's right to future benefits under the terms of the LTD Plan.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which Plaintiff is entitled by virtue of Plaintiff's disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and postjudgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: April 24, 2024

KANTOR & KANTOR, LLP

By: */s/ Glenn R. Kantor*
Glenn R. Kantor
Attorneys for Plaintiff
Myah Evers Schwartz